UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LISA HILL | CIVIL ACTION NO. 22-cv-1941 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Lisa Hill ("Plaintiff"), who is self-represented, has filed eight civil actions in this court between April and June 2022. Most of the complaints are based on personal grudges against private individuals, grievances against retail merchants, and complaints about policemen or criminal proceedings in the state and city courts. This complaint names as defendants the City of Shreveport, Shreveport City Court Judge Kelly, and private citizen Lashonda Bryant. For the reasons that follow, it is recommended that the complaint be dismissed and that Plaintiff be banned from filing any new civil actions without prior written approval from a district judge.

### The Complaint

Plaintiff alleges that she and Lashonda Bryant had a "physical fight about girl stuff." Afterwards, Plaintiff tried to drive away, and Bryant threw a brick at her vehicle. Plaintiff alleges that she called the police and identified Bryant as the perpetrator, but the officer arrested Plaintiff. Plaintiff complains that this was a wrongful charge that has improperly labeled her a violent offender, damaged her character, and harmed her ability to get work.

The complaint and attached court records indicate that the incident happened in 2001, more than 20 years ago. Plaintiff also alleges that an expungement was denied in January 2022.

**Authority to Review Complaint**

Plaintiff is proceeding in forma pauperis, so her complaint is subject to review under 28 U.S.C. § 1915. In pauper cases, the district court "shall dismiss the case at any time if the court determines that" the complaint is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present her position. Day v. McDonough, 126 S.Ct. 1675 (2006). This Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

**Timeliness**

Plaintiff filed her complaint on a form for asserting civil rights claims, and she specifically invoked 42 U.S.C. § 1983. The limitations period for a Section 1983 claim asserted in Louisiana is one year. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Plaintiff's complaint specifically alleges that the date of the relevant event was July 31, 2001. A rap sheet attached to her complaint reflects the same date. Plaintiff did not file this complaint until 2022, which was more than one year after the alleged wrongful placing of charges against her.

Plaintiff alleges that she only recently learned from court minutes that the charge was against her rather than Ms. Bryant, but she also admits that when this "first happened" in 2001 she had to "pay all that money" and was placed on unsupervised probation. She was, therefore, aware of the basic facts underlying her criminal charges, and any related Section 1983 claim, well more than one year before she filed her complaint.

Plaintiff's Section 1983 claims are untimely on the face of the complaint so should be dismissed. This recommended dismissal affords Plaintiff fair notice and an opportunity to present her position because she will have an opportunity after this report and recommendation issues to file objections and attempt to explain why her complaint should not be dismissed as untimely. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**Judge Kelly; Expungement**

Plaintiff names as a defendant Shreveport City Court Judge Kelly, but the body of her complaint does not make any allegations against the judge. It is not clear whether he

is named as a defendant because he presided over the criminal proceedings in some fashion or because of Plaintiff's notation that her request for an expungement was denied in January 2022. In either event, judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). Immunity is appropriate when the acts complained of are normal judicial functions such as actions that occur in the courtroom or related to a case pending before the court. Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009).

The basis for Plaintiff's naming of Judge Kelly as a defendant is not clear, but the implication is that it is related to normal judicial functions related to a case or matter appropriately before his court. There is no hint of any other alleged actions that might support a viable claim against the judge. Any claims directed at Judge Kelly should be dismissed based upon judicial immunity.

**Conclusion; Sanctions**

The complaint does not set forth a timely or actionable claim against any defendant that states a claim on which relief may be granted, so the complaint should be dismissed Plaintiff has now filed multiple meritless lawsuits. Each of her complaints require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).

In 22-cv-1697, the undersigned set forth those rules and issued this warning:

> Plaintiff is warned that she will be subject to potential sanctions if she continues to file frivolous or malicious suits or motions in this court. Those sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, the denial of pauper status, the imposition of monetary sanctions, or an order for other appropriate sanctions.

A part of the court's responsibility is to see that its resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

Plaintiff has been given repeated opportunities to file a meritorious complaint, she has failed on every occasion, and she has been warned that continuing to file frivolous complaints could lead to sanctions. It is now time to impose those sanctions and end Plaintiff's abuse of the litigation process. The circumstances warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if she ever has a good faith complaint.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

It is further recommended that the Clerk of Court be ordered to decline to file any civil complaint submitted by Lisa Hill unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2022.



Mark L. Hornsby
U.S. Magistrate Judge